UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Cameron North,** ) | CASE NO. 1:15-cv-01124-DAP |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **ORDER DENYING MOTION TO** |
| ) | **DISMISS** |
| **Cuyahoga County, et al.,** ) | and |
| ) | **MINUTES OF TELECONFERENCE** |
| Defendants. ) | |

**I. BACKGROUND**

According to the Complaint, Plaintiff Cameron North began serving an eight-month jail term in Cuyahoga County Correctional Center (the "Jail") in February of 2013. Compl. ¶ 15, Doc. #: 1-1.

Sometime in late April or early May, North began to experience medical symptoms. Compl, ¶ 18. Over the next several days, North's medical symptoms changed and worsened, and, on May 13, 2013, North suffered a debilitating stroke. Compl. ¶¶ 19–50, 55–57. On May 13, North was taken to MetroHealth Hospital. Compl. ¶ 48. On several occasions between the onset of North's medical symptoms and the time of his hospitalization, North claims to have

requested medical assistance from Jail personnel. ¶¶ 22– 47. North claims, however, that the Jail and its personnel failed to provide North with medical treatment. *Id.*

On May 12, 2015, North filed the instant case in the Cuyahoga County Court of Common Pleas. Compl., Doc #: 1-1. The Complaint alleges two federal and two state claims against defendants Cuyahoga County; John Doe, a former medical director for the Cuyahoga County Jail; and unnamed correctional officers, doctors, and nurses at Cuyahoga County Jail. *Id.* On June 3, Defendant Cuyahoga County filed for removal to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Notice of Removal, Doc #: 1.

On July 10, 2015, Defendant Cugahoga County moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Doc #: 5. The motion was fully briefed on August 31. Upon review of the filings, the Court scheduled a teleconference for September 10.

## II. TELECONFERENCE MINUTES

The Court held a teleconference on September 10, 2015 at 11:30 a.m. with counsel Jacqueline C. Greene and Terry H. Gilbert, representing Cameron North, and counsel Jennifer M. Meyer, representing Cuyahoga County.

The Court discussed the outstanding Motion to Dismiss, Doc. #: 5, and canvassed counsel regarding the possibility of engaging in settlement negotiations. North's counsel updated the Court regarding North's present condition. Counsel and the Court discussed available and not-yet-acquired medical documentation.

As a result, the Court scheduled a follow-up conference call for November 19, 2015, at 12:00 noon. Before the next teleconference, the parties are directed to engage in limited, paper

discovery including 1) medical records for North reflecting any significant health issues before his custody, 2) North's medical records during custody, 3) records of North's treatment at MetroHealth and then at Cleveland Clinic, 4) records reflecting North's current condition, and 5) prison records from late April through May 2013 relating to North's requests for medical care and any care that was given. North is directed to make a realistic demand before the next teleconference.

**III. MOTION TO DISMISS**

Defendant Cuyahoga County (the "County") has moved the Court to dismiss the County as a defendant, pursuant to Fed. R. Civ. P. 12(b)(6). Motion to Dismiss 1, Doc #: 5. The County argues both that North's claim is barred by the statute of limitations and that North has failed to state a claim against the County upon which relief may be granted. For the reasons discussed below, the instant Motion to Dismiss, Doc. #: 5, is denied.

**A. Legal Standard**

In evaluating a Rule 12(b)(6) motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff, and accepts the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). " A claim has facial plausibility when the pleaded factual content allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The "plausibility" requirement is not a heightened or "probability" pleading requirement, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*; *see Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). "For a claim to be viable, the complaint must, at a minimum, 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014) (*quoting Twombly*, 550 U.S. at 555); *see also Decorative Panels Int'l, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers Local Lodge W-260*, 996 F. Supp. 2d 559, 568 (E.D. Mich. 2014) ("The function of a complaint is to afford the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. A complaint need not set down in detail all the particularities of a plaintiff's claim." (internal citations omitted)).

**B. Discussion**

Here, North's complaint makes sufficient allegations to satisfy the standards outlined in *Iqbal* and *Twombly*. 42 U.S.C. § 1983 creates a cause of action against a person acting under color of state law to deprive another of a federally protected right. However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

North claims "repeated denials from multiple different C.O.s" and "repeated failures from multiple different members of the medical staff" evidence a "practice or custom of denying

medical care in violation of prisoners' constitutional rights" Opp. to Mot. to Dismiss 12–13, Doc #: 6. In short, North has alleged the repeated seeking of needed medical treatment from several of the Jail's medical and correctional personnel, the receipt of none, and a failure of training and/or supervision underlying said systematic failure. *See* Compl. ¶¶ 22–47, 62–67. While North must ultimately prove these allegations, accepting them as true, as it must at this stage, the Court can reasonably infer the existence of a policy or failure to supervise sufficient for North's *Monell* claim to survive the instant Rule 12(b)(6) motion.

While it is unclear whether *all* of the alleged violations of North's rights fall within the statute of limitations, at a minimum *some* of the claimed violations are not time-barred. In a § 1983 action, state law governs the duration of the statute of limitations, but federal law governs when the cause of action accrues. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). Here, the parties agree that the statute of limitations is two years. Mot. to Dismiss 5; Opp. to Mot. to Dismiss 4; *see* Ohio Rev. Code Ann. § 2305.10.

In general, "[t]he statute of limitations begins to run 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003). However, "some injuries and causes are so latent as to elude discovery at the time of the injury-causing event." *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 588 (6th Cir. 2001). Here, the accrual of North's causes of action is based not on discovery of medical problems, but rather on the Jail's indifference to North's serious medical needs. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). As the Complaint alleges several denials of medical treatment by several unidentified Doe defendants across several days, it is not possible to establish, based on the Complaint alone, precisely when North would or

should have been aware that a serious medical need was being disregarded.

North urges the Court to delay the accrual of all violations related to his causes of action based on application of the "continuing violation" doctrine. *See generally Bowerman v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Local No. 12*, 646 F.3d 360, 366 (6th Cir. 2011) ("When a continuing violation is found, 'a plaintiff is entitled to have the court consider all relevant actions allegedly taken pursuant to the [wrongful] policy or practice, including those that would otherwise be time barred.'" (alteration in origina(*quoting Sharpe*, 319 F.3d at 267)). The continuing violation doctrine, however, does not apply to serial violations: a series of discrete acts of which the plaintiff would have been immediately aware. *Sharpe*, 319 F.3d at 268; *Bowerman*, 646 F.3d at 366. Here, rather than representing a single continuing violation, the alleged individual actions by Jail personnel refusing medical care appear to represent discrete unlawful acts that individually trigger the statute of limitations. *See Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466 (6th Cir. 2010). *But see Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009); *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Thus, based solely on the Complaint, the continuing violation doctrine is inapplicable.

Consequently, because the Complaint was filed on May 12, 2015, and the Complaint alleges deliberate indifference on May 12 and 13, 2013, at least some of North's claims are not time-barred and the County cannot be dismissed on statute of limitation grounds. However, because the statute of limitations issue may turn on questions of fact, the parties are not barred from re-arguing the statute of limitations in later filings, should relevant facts be revealed during discovery.

IV. CONCLUSION

In summary, Motion to Dimiss, Doc. #: 5, is DENIED. Parties are directed to engage in paper discover regarding North's medical and prison records, and North must make an initial settlement demand, prior to the teleconference scheduled for November 19, 2015, at 12:00 noon.

**IT IS SO ORDERED.**

/s/ Dan A. Polster   Sept. 16, 2015
**DAN AARON POLSTER
UNITED STATE DISTRICT JUDGE**