**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CAMERON NORTH,** ) | **CASE NO. 1:15-cv-01124-DAP** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **CUYAHOGA COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |

The above-captioned case is before the Court on "Defendants' Motion to Be Declared 'Prevailing Parties' and for an Award of Reasonable Attorneys' Fees, Nontaxable Expenses, and Taxable Costs, and for Submission of Evidence of Same." Doc #: 85 [hereinafter "Motion for Expenses"].

**I. Background**

With the filing of the Amended Complaint on April 5, 2016, the above-captioned case included five named defendants: Cuyahoga County, S. Mirolovich, M. Elhalaby, C. Clack, and S. Hester. Doc #: 21. Each defendant was ultimately dismissed:

- On June 13, 2017, North voluntarily dismissed Hester and Elhalaby without prejudice. Doc ##: 73, 74.

- On July 19, 2017, the Court granted summary judgment in favor of Mirolovich. Doc ##: 78, 79.

- On August 14, 2017, the Court granted summary judgment in favor of Cuyahoga County and Clack. Doc ##: 83, 84.

On August 28, Defendants Cuyahoga County, Elhalaby, Clack, and Hester (collectively, "County Defendants") filed the instant Motion for Expenses pursuant to Federal Rule of Civil Procedure 54(d), 42 U.S.C. § 1988, and 28 U.S.C. § 1927.

**II. Legal Standards**

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). 42 U.S.C. 1988(b) is an exception to this general rule, which provides (as to § 1983 and certain other statutes), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." A party reaches prevailing party status by obtaining a judgment on the merits or a court-ordered consent decree. *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 603–04 (2001). While district courts traditionally award attorney's fees to prevailing plaintiffs in all but special circumstances, attorneys' fees may be awarded to prevailing defendants only upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182–83 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "Yet because '[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction,' it 'must be limited to truly egregious cases of misconduct.'" *Lowery v.*

*Jefferson Cty. Bd. of Educ.*, 586 F.3d 427, 437 (6th Cir. 2009) (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986); *see Serrano v. Cintas Corp.*, 699 F.3d 884, 905 (6th Cir. 2012) (finding that losing numerous motions, failing to respond properly to discovery requests, refusal to produce information, and withdrawal of claims for lack of merit did not constitute egregious and unreasonable conduct).

In contrast to 42 U.S.C. § 1988, which shifts attorneys fees to the losing *party*, 28 U.S.C. § 1927 provides that any *attorney* "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." "Sanctions are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). The purpose of such sanctions "is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy," and these sanctions may be appropriate when an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.* While a finding of "subjective bad faith" is not required, the conduct must have been something "more than negligence or incompetence." *Id*.

Finally,"[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Recovery pursuant

to Rule 54(d) is limited to certain enumerated categories of costs. *See* 28 U.S.C. § 1920 (listing appropriate items of cost); *see also In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) ("[T]he discretion that Rule 54(d)(1) gives courts . . . is discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate."); *see also* 10-54 Moore's Federal Practice - Civil § 54.103 (2017).

**III. Discussion**

    **A. Attorneys' Fees**

Setting aside the question of whether all the County Defendants are prevailing parties,[1] the Court considers whether North's suit was "frivolous and meritless," as County Defendants suggest. Mot. for Expenses 5. Defendants further claim "It should have been patently obvious to Plaintiff's counsel that the facts alleged did not as a matter of law, provide a basis for any of Plaintiff's claims." Mot. for Expenses 6. Such allegations misrepresent the litigation of the above-caption case.

Ultimately, the Court did grant summary judgment in favor of the County Defendants, primarily on the basis of statute of limitations. Op. and Order 25, Doc #: 83. However, despite this final decision in the defendants' favor, North and his attorneys were not unreasonable in their pursuit of the case. The statute of limitations issue included highly contested questions both of law and fact, and the Court in fact denied—on three separate, prior occasions—defendants' motions to dismiss the case on the basis of statute of limitations. Doc ##: 9, 29, 40.

The Court also found that North's claims failed on the merits, noting that "Plaintiff's

---

[1] It is not immediately obvious whether the voluntarily dismissed defendants—Elhalaby and Hester—should be considered prevailing parties within the meaning of 42 U.S.C. § 1988.

claims fail to demonstrate a constitutional violation or willful, wanton, reckless, and negligent disregard." Op. and Order 25–26. This conclusion was not forgone from the beginning, however. In addressing Clack, Hester, and Elhalaby's Motion to Dismiss, the Court observed,

> By accusing North of lying about his arm, Clack, Hester, and Elhalaby explicitly acknowledged North's claim of medical symptoms and rejected providing him medical care. North further alleges that over an hour passed between the moment he suffered a stroke and the time he received medical care. EMS was called only after "someone called a supervisor, who instructed Defendants Mirolovich and/or Clack and/or Elhalaby and/or Hester . . . to get Plaintiff Cameron North emergency medical treatment." Am. Compl. ¶¶ 52–53. From these allegations, a finder of fact could infer that Clack, Hester, and Elhalaby knew of the serious risk of delaying medical assistance, disregarded that risk, and consequently had a sufficiently culpable state of mind . . . .

Order Den. Mot. to Dismiss 7–8, Doc #: 40. As it turned out, the facts available at summary judgment actually bore substantial resemblance to the facts alleged in the Amended Complaint, with the notable and important exception of not identifying which personnel may have accused North of lying and without identifying which personnel may have let North wait an hour before calling for emergency medical service. Op. and Order 12 (summarizing the events immediately following North's stroke).

Simply, North suffered a debilitating stroke while under the care of Cuyahoga County Correctional Center's and its medical personnel. The Court found, on motions for summary judgment, that neither of the two remaining, named, individual defendants acted with more than mere negligence during the statutorily limited time period. Negligence is, of course, insufficient. However, a failure to demonstrate timely recklessness (or intentional misconduct) does not here lead to the conclusion that "North's claims were nothing more than an attempt to harass the County and its employees for performing their duties." Mot. for Expenses 6.

Accordingly, the Court finds that North's claims were not frivolous and that North's pursuit of his claims was certainly not the sort of "egregious" misconduct required to support sanctions against such a plaintiff, personally. Furthermore, the Court finds that North's claims did not lack a plausible basis, so as to warrant sanctions against North's attorney, and that there is no evidence that North's attorneys exceeded the bounds of zealous, but professional, advocacy in this case.[2] Attorneys' fees are denied.

**B. Costs**

The County Defendants also move for taxable costs, pursuant to Rule 54(d). Generally, the burden for recovery of such costs is not high—in fact, "Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party." *Hunter v. Gen. Motors Corp.*, 161 F. App'x 502, 503 (6th Cir. 2005). Importantly, this rule is not without exceptions, which may or may not be relevant, here. *See White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (identifying several exceptions to the presumption in favor of awarding costs); *see also Amherst Exempted Vill. Sch. Dist. Bd. of Educ. v. Calabrese*, No. 1:07 CV 920, 2008 WL 2810244, at *17–18 (N.D. Ohio July 21, 2008) (adopted report and recommendation) (discussing effect of voluntary dismissal with prejudice on "prevailing party" status).

Here, however, insofar as the County Defendants seek costs pursuant to Rule 54(d)(1), it is not entirely clear what the County Defendants are actually asking the Court to rule on at this time. The County Defendants have not requested the Clerk tax costs, have filed no bill of costs, and have not even given the Court an indication of which of § 1920's six categories of costs

---

[2]Nothing in this order has any effect on the Court's prior Order, Doc #: 70, requiring Plaintiff to assume the costs of a specific second deposition.

might apply, or why. Moreover, the four County Defendants do not discuss at all which of them qualify as "prevailing parties" under Rule 54(d), or why.[3] In fact, while the County Defendants mention Rule 54(d) on the first page of their Motion for Expenses, Rule 54(d) is discussed nowhere in their Memorandum in Support of the Motion for Expenses. Thus, as there are no submitted costs to evaluate and no arguments about the law, it would be difficult for North to oppose the motion for costs, just as it is now impossible for the Court to meaningfully evaluate the merits of the County Defendants' request.

Therefore, the Court denies County Defendants' Motion for costs pursuant to Rule 54(d)(1).

**IV. Conclusion**

For the reasons set forth above, the Motion for Expenses, Doc #: 85, is DENIED.

IT IS SO ORDERED.

>  */s/ Dan A. Polster     Sept. 5, 2017*
> **DAN AARON POLSTER**
> **UNITED STATE DISTRICT JUDGE**

---

[3]Although the four County Defendants move as a collective group and refer to themselves as a collective group, the analysis of their situations may be different: most notably because two defendants were voluntarily dismissed without prejudice and two were granted summary judgment.